UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McCOWEN,

        Petitioner,        Case No. 1:14-cv-1120

v.        Honorable Robert J. Jonker

CARMEN PALMER,

        Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Robert McCowen presently is incarcerated at the Michigan Reformatory. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, brandishing a firearm in public, MICH. COMP. LAWS § 750.234e, assault and battery, MICH. COMP. LAWS § 750.81, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. On November 1, 2010, Petitioner was sentenced as a fourth felony offender, MICH. COMP. LAWS § 769.12, to prison terms of 15 to 30 years on the armed-robbery conviction, two years on the felony-firearm conviction, and time-served on the remaining two convictions.[1]

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising two claims:

I. SGT. GUTIERREZ'S TESTIMONY THAT IT WAS NOT UNUSUAL FOR A CELL-PHONE THIEF TO CALL THE NUMBERS ALREADY PROGRAMMED INTO A STOLEN PHONE WAS IMPROPER OPINION TESTIMONY THAT SHOULD HAVE BEEN EXCLUDED FROM EVIDENCE. COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING, OR IN THE ALTERNATIVE THE ERROR WAS PLAIN.

II. THE SENTENCING COURT MADE FOUR GUIDELINES-SCORING ERRORS. BECAUSE THE CORRECTION OF ANY OF THE MISTAKES WOULD CHANGE THE GUIDELINE RANGE, MR. MCCOWAN MUST BE RESENTENCED.[2]

---

[1] Petitioner is serving other lengthy sentences. On March 16, 2012, about 20 months after his convictions on the offenses in issue in the petition, Petitioner was sentenced on four counts of first-degree criminal sexual conduct (CSC I), two counts of second-degree criminal sexual conduct (CSC II), and one count of bribing or intimidating a witness. He received prison terms of 30 to 50 years for each of the CSC I convictions, and 5 to 15 years for each of the remaining convictions. The convictions arose out of conduct that occurred on March 23, 2009, approximately one year prior to the conduct leading to the convictions at issue in this case. *See* Mich. Dep't of Corr. Offender Tracking & Info. Service electronic record, http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=343340 (last visited Nov. 14, 2014).

[2] Petitioner listed four subparts to the question, in which he identified the wrongly scored guidelines as Offense Variables (OVs) 9, 10, 14 and 19.

(Pet. ¶ 9(f), docket #1, Page ID#2.) Petitioner filed a motion to remand to the circuit court for an evidentiary hearing on newly discovered evidence and ineffective assistance of counsel. The court of appeals denied the motion on November 15, 2011. In an unpublished opinion issued May 29, 2012, the court of appeals affirmed the convictions, but remanded the case for resentencing regarding Offense Variable (OV) 10, for which Petitioner was improperly assessed 10 points. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same grounds. The supreme court denied leave to appeal on July 30, 2013.

While his state-court appeal was pending, on March 12, 2012, Petitioner filed a motion in the Wayne County Circuit Court, seeking an in camera review of certain medical records that ostensibly would have impeached the prosecutor's main witness. The motion apparently was denied. Petitioner did not file a motion for relief from judgment in the trial court.

In his habeas petition, filed on or about October 22, 2014,[3] Petitioner raises the same two grounds presented to and rejected by the Michigan appellate courts.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has

---

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 22, 2014, and it was received by the Court on October 29, 2014. Thus, it must have been handed to prison officials for mailing at some time between October 22 and 28, 2014. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

"drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### I.     Admission of Opinion Testimony

Petitioner contends that the court improperly admitted the testimony Sergeant Gutierrez that it was not unusual for cell-phone thieves to call the numbers already programmed into a stolen phone. Plaintiff also argues that counsel was ineffective in failing to object to the testimony.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental under the Due Process Clause. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v.*

*Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  This approach accords the state courts wide latitude in ruling on evidentiary matters.  *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently.  The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts.  *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).

Petitioner has not attempted to meet this difficult standard, nor could he.  No United States Supreme Court decision holds that the limited admission of lay opinion testimony violates a fundamental principle of justice.  In the absence of Supreme Court authority, Petitioner cannot demonstrate constitutional error.  *See* 28 U.S.C. § 2254(d).

Petitioner next argues that his attorney was ineffective in failing to object to the testimony at trial.  In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also*

*Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficult of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Richter*, 131 S. Ct. at 786).

The state court rejected Petitioner's ineffective-assistance claim, in relevant part, as follows:

> As discussed above, Sergeant Gutierrez's testimony was admissible and therefore, defense counsel was not ineffective for failing to make a futile objection. *People v Ericksen*, 288 Mich App 192, 205; 793 NW2d 120 (2010). McCowan also failed to establish that such deficiency affected the outcome of his trial given that sufficient evidence was presented to sustain McCowan's convictions. The record shows that there was testimony by two witnesses, Rolando and Raymond Terry, that McCowan brandished a weapon and that Rolando was attacked and robbed by Nichol and Rachel Lee. An additional witness substantiated the attack and that a robbery

occurred. Thus, McCowan failed to establish that even if defense counsel performed deficiently by failing to object to Sergeant Gutierrez's opinion testimony, but for that error, the outcome of his trial would have been different. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).

(5/29/2012 Mich. Ct. App. Op. (MCOA) at 2-3.)

The state court's decision on both *Strickland* prongs was patently reasonable. As previously discussed, the state-court's determination that the evidence was properly admitted is an application of state law that is not reviewable by this Court. *See Estelle*, 502 U.S. at 68. Because the evidence was properly admitted, any objection by Petitioner's attorney would have been futile. Federal courts routinely have recognized that an attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004). Moreover, where the evidence was properly admitted, no improperly admitted evidence could have prejudiced the result.

In sum, Petitioner's first ground for habeas relief is noncognizable in part and without merit in other part.

  II. <u>Improper Sentence Scoring</u>

In his second ground for habeas relief, Petitioner contends that four offense variables were improperly scored. First, he complains that he was scored ten points on OV 9, which requires a finding that at least two but less than nine victims placed in danger of physical injury, *see* MICH. COMP. LAWS § 777.39(2)(c), despite his having only threatened one person. Second, he asserts that he should not have been scored 10 points on OV 10, because he did not exploit the victim's youth, agedness or disability, or his own power over the victim, within the meaning of MICH. COMP. LAWS

§ 777.40(1)(b). Third, he claims that he should not have been scored 10 points on OV 14 for being "a leader in a multiple offender situation." MICH. COMP. LAWS § 777.44. Finally, he asserts that he should not have been scored 10 points under OV 19, for "interfer[ing] with or attempting to interfere with the administration of justice." MICH. COMP. LAWS § 777.49(1)(c).

Claims concerning the improper scoring of state sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Further, Petitioner fails even to allege that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome in violation of due process. *See Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). Nor could he prove such fundamental unfairness. Under Michigan law, the maximum sentence for armed robbery, Petitioner's most

serious offense, is life imprisonment or any term of years. *See* MICH. COMP. LAWS § 750.529. Petitioner was sentenced far short of the maximum, to a prison term of 15 to 30 years on that offense. Petitioner therefore fails to demonstrate fundamental unfairness. As a consequence, his sentencing-guidelines claim is not cognizable on habeas review.

In the final portion of his brief in support of his habeas application, Petitioner suggests that he was never resentenced following the finding of the Michigan Court of Appeals that Petitioner improperly had been scored 10 points on OV 10. Petitioner's argument falls far outside the issues presented in the instant habeas petition, and it was never articulated as a separate claim. In addition, Petitioner has neither sought resentencing in the trial court nor exhausted his claim in the Michigan appellate courts. The claim therefore is not exhausted. *See* 28 U.S.C. § 2254(b)(1) (requiring the exhaustion of state-court remedies prior to granting habeas relief).

Nevertheless, an application for writ of habeas corpus may be denied on the merits, notwithstanding the lack of exhaustion. 28 U.S.C. § 2254(b)(2). As previously discussed, this Court lacks authority to correct state sentence scoring and any resulting sentence unless the result is fundamentally unfair. Because Petitioner was sentenced far lower than the maximum sentence authorized by law, he cannot demonstrate that his sentence is fundamentally unfair. He therefore fails to state a federal claim.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     November 26, 2014              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE